**Roy ARCENEAUX, Appellant**

v.

**PINNACLE ENTERTAINMENT, INC., d/b/a PNK Casino, Inc., of Delaware, Appellee**

NO. 14–15–00894–CV

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed February 23, 2017

Jan L. Fry, Houston, TX, for Appellant.

Zachary T. Mayer, Dallas, TX, Kevin Riley, Houston, TX, for Appellee.

Panel consists of Justices Busby, Donovan, and Brown.

## OPINION

Marc W. Brown, Justice

At trial, the jury found that appellee Pinnacle Entertainment, Inc., d/b/a PNK Casino Inc., of Delaware, committed an assault against appellant Roy Arceneaux; Arceneaux caused or contributed to the occurrence or injuries; Arceneaux was 70 percent responsible, while Pinnacle was 30 percent responsible; and a total of $40,000 would fairly and reasonably compensate Arceneaux for his injuries. On competing motions for entry of judgment, the trial court rendered a final take-nothing judgment in favor of Pinnacle. In a single issue, Arceneaux argues that the trial court

erred by not granting the damages awarded to him by the jury. Because chapter 33 of the Texas Civil Practice and Remedies Code applies to Arceneaux's assault claim and his percentage of responsibility was greater than 50 percent, Arceneaux may not recover damages. We affirm.

## BACKGROUND

On May 6, 2012, Arceneaux was drinking and gambling at a casino owned by Pinnacle. After Arceneaux became disruptive, a casino security officer requested that he cash his chips in and leave. Arceneaux failed to comply and continued to be disruptive. At that point, casino security officers brought him to the ground in an effort to subdue him.

Arceneaux filed suit against Pinnacle for various claims, including assault. The case was tried before a jury. The jury charge included questions regarding: whether Pinnacle through its employee committed an assault against Arceneaux; whether Arceneaux's actions or omissions caused or contributed to causing the alleged occurrence or injuries; what percentage of responsibility was attributable to Arceneaux and Pinnacle; and what amount of money would fairly and reasonably compensate Arceneaux for his injuries. The jury found that: Pinnacle committed an assault against Arceneaux; Arceneaux contributed to the occurrence or injuries; Arceneaux was 70 percent responsible and Pinnacle was 30 percent responsible; and that a total of $40,000 would fairly and reasonably compensate Arceneaux for his injuries.

Pinnacle filed a motion for entry of a final take-nothing judgment based on the application of sections 33.001 and 33.002 of the Texas Civil Practice and Remedies Code. Arceneaux filed a motion for entry of final judgment in his favor, arguing that chapter 33 does not apply. The trial court rendered a final take-nothing judgment in favor of Pinnacle based on the jury's findings. Arceneaux filed a motion for new trial, which was overruled by operation of law. Arceneaux timely appealed.

## ANALYSIS

In his sole issue, Arceneaux argues that the trial court erred in refusing to grant his motion for entry of final judgment. Arceneaux points to the jury's finding that Pinnacle assaulted him. According to Arceneaux, where the question instructed that the use of force is justified to protect person or property, the jury's "yes" answer constituted a rejection of Pinnacle's defenses to assault. Arceneaux contends the fact that the jury answered "yes" to the question of whether Arceneaux caused or contributed to causing the alleged occurrence or injuries was therefore immaterial and should have been disregarded by the trial court.

■ Pinnacle responds that the trial court correctly entered a take-nothing judgment based on the jury's determination that Arceneaux was 70 percent responsible for his injuries because chapter 33 widely applies to all causes of action based on tort. According to Pinnacle, because chapter 33 applies to Arceneaux's claim, the jury's findings that Arceneaux contributed to causing and was 70 percent responsible for his injuries were not immaterial. We agree with Pinnacle.

■ The proportionate-responsibility statute, as set forth in chapter 33, provides a framework for apportioning percentages of responsibility in the calculation of damages in any case in which more than one person, including the plaintiff, is alleged to have caused or contributed to cause the harm for which recovery of damages is sought. *See* Tex. Civ. Prac. & Rem. Code § 33.003 (West 2013); *JCW Elecs., Inc. v.*

*Garza,* 257 S.W.3d 701, 702 (Tex. 2008). Consistent with the tenet of tort law that a party's liability arises from his own injury-causing conduct, the purpose of chapter 33 is to hold each party "responsible [only] for [the party's] own conduct causing injury." *MCI Sales & Serv., Inc. v. Hinton,* 329 S.W.3d 475, 505 (Tex. 2010) (quoting *F.F.P. Operating Partners, LP v. Duenez,* 237 S.W.3d 680, 690 (Tex. 2007)). Accordingly, the statute requires the trier of fact to determine the percentage of responsibility of each claimant, defendant, settling person, and responsible third party who has been designated in accordance with the statute. *See* Tex. Civ. Prac. & Rem. Code § 33.003.

■ If chapter 33 applies to a claim, "a claimant may not recover damages if his percentage of responsibility is greater than 50 percent." Tex. Civ. Prac. & Rem. Code Ann. § 33.001 (West 2013); *Underwriters at Lloyds v. Edmond, Deaton & Stephens Ins. Agency, Inc.,* No. 14-07-00352-CV, 2008 WL 5441225, at *3–4 (Tex. App.–Houston [14th Dist.] Dec. 30, 2008, no pet.) (mem. op.). Chapter 33 applies to "any cause of action based on tort in which a defendant, settling person, or responsible third party is found responsible for a percentage of the harm for which relief is sought." Tex. Civ. Prac. & Rem. Code § 33.002(a) (West 2013) (also DTPA actions). "Chapter 33 applies generally to all common-law tort claims and to statutory tort claims that do not include a separate and conflicting legislative fault-allocation scheme." *Underwriters at Lloyds,* 2008 WL 5441225, at *3.[1]

Certain, specific claims are excluded under the statute. *See* Tex. Civ. Prac. & Rem. Code § 33.002(c) (actions to collect workers' compensation benefits, claims for exemplary damages, and claims for damages arising from manufacture of methamphetamine). Arceneaux did not assert any of these claims. Instead, Arceneaux sought monetary damages based on civil assault, an intentional tort. *See City of Watauga v. Gordon,* 434 S.W.3d 586, 589–90 (Tex. 2014).

■ Section 33.002 is unambiguous and does not provide for any exclusion for intentional torts, such as assault. *See* Tex. Civ. Prac. & Rem. Code § 33.002. Although the 1987 version of chapter 33 expressly excluded intentional torts, the 1995 amendments specifically removed that exclusion. *Compare* Act of June 3, 1987, 70th Leg., 1st C.S. ch. 2 § 2.04, 1987 Tex. Gen. Laws 41 (codified at Tex. Civ. Prac. & Rem. Code § 33.002), *with* Act of May 5, 1995, 74th Leg., R.S. ch. 136 § 1, 1995 Tex. Gen. Laws 971 (same); *JCW Elecs.,* 257 S.W.3d at 704. Moreover, the legislature's statement that "this chapter applies to *any* cause of action based on tort" was a "broad pronouncement," which worked to expand the scope of chapter 33. *See JCW Elecs.,* 257 S.W.3d at 704 (emphasis in original).

Texas courts have rejected arguments that chapter 33 does not apply to the intentional tort of fraud. *See Isaacs v. Bishop,* 249 S.W.3d 100, 116–17 (Tex. App.–Texarkana 2008, pet. denied) (op. on reh'g) (upholding damages reduction under chapter 33); *JCW Elecs., Inc. v. Garza,* 176 S.W.3d 618, 626 & n.3 (Tex. App.–

---

1. *Compare JCW Elecs.,* 257 S.W.3d at 704–07 (chapter 33 applies to UCC breach of implied warranty claims sounding in tort because UCC article 2 does not "undertake a comprehensive fault scheme"), *with Sw. Bank v. Info. Support Concepts, Inc.,* 149 S.W.3d 104, 111 (Tex. 2004) (chapter 33 does not apply to UCC conversion claim involving negotiable instrument because UCC article 3 contains "comprehensive legislative fault scheme"); *see also Werner v. KPMG LLP,* 415 F.Supp.2d 688, 703 & n.15 (S.D. Tex. 2006).

Corpus Christi 2005), *rev'd on other grounds*, 257 S.W.3d 701 (Tex. 2008) ("Because fraud is a claim based on tort, Chapter 33 applies."). In addition, the Southern District of Texas has considered that the language of section 33.002 does not contain an exclusion for intentional torts and rejected the argument that chapter 33 does not apply to assault. *Nunez v. City of Corpus Christi, Tex.*, No. 2:12-CV-00092, 2013 WL 164045, at *1 (S.D. Tex. Jan. 14, 2013) (order) (citing *JCW Elecs.*, 257 S.W.3d at 704–06).

Finally, Arceneaux has not presented, nor have we found, any case to support the proposition that the jury's rejection of an affirmative defense to the intentional tort of assault acts to displace the broad application of chapter 33. The jury was asked a separate question regarding whether Arceneaux's "actions or omissions cause[d] or contribute[d] to causing the alleged occurrence or injuries," and it answered "Yes." [2] This finding was the basis upon which the jury assigned a percentage of responsibility to Arceneaux.

Therefore, we conclude that chapter 33 applies to Arceneaux's tort claim of assault, and because the jury found that his comparative responsibility exceeded 50 percent, he may not recover damages on his claim. *See* Tex. Civ. Prac. & Rem. Code §§ 33.001, 33.002, 33.003. Accordingly, the trial court did not err by rendering its final take-nothing judgment in favor of Pinnacle.

---

2. Arceneaux has not asked us to consider, and we do not address, whether this finding is sufficient to establish that Arceneaux "caus[ed] or contribut[ed] to cause in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these," as required before the jury should be asked to determine the percentage of his responsibility. Tex. Civ.

We overrule Arceneaux's sole issue and affirm the trial court's judgment.

Prac. & Rem. Code § 33.003(a); *cf.* Comm. on Pattern Jury Charges, State Bar of Tex., Texas Pattern Jury Charges—Business, Consumer, Insurance & Employment PJC 115.36 cmt. (2014) ("The plaintiff ... should be submitted in [the proportionate-responsibility] question only if the law governing the cause of action provides an 'applicable legal standard' by which the plaintiff's conduct is measured and the jury is asked in a predicate question whether [the plaintiff] violated that standard.").